**SOCONY VACUUM TANKER MEN'S ASSOCIATION, Plaintiff,**

v.

**SOCONY MOBIL OIL COMPANY, Inc., Defendant.**

No. 65 Civ. 3524.

United States District Court
S. D. New York.

May 4, 1966.

Arthur Kaplan, New York City, for plaintiff.

Putney, Twombly, Hall & Skidmore, New York City, for defendant; Edward F. Callan, David P. Getchell, New York City, of counsel.

McGOHEY, District Judge.

This is an action to compel arbitration of a dispute between the parties to a collective bargaining agreement. Each has moved for summary judgment. The defendant seeks dismissal of the action. The plaintiff seeks judgment directing arbitration. Both motions are here considered.

The collective bargaining agreement was entered into on or about June 1, 1964, and by its terms is to continue in effect until July 31, 1967.[1] It proscribes strikes and lockouts "during the life of this Agreement, or during the period of negotiations for its modification, extension or renewal" (par. 8, 9). It also establishes a detailed grievance procedure (par. 13) and provides that "Any question of fact arising out of the interpretation of this agreement or the alleged violation of the express terms of this agreement which is not settled in accordance with the grievance procedure * * * shall at the request of either party be submitted to a Board of Arbitration. The statement of the question to be arbitrated shall be mutually agreed upon." (par. 16a) Paragraph 62 sets out the scale of wages agreed on for the several classifications of employees covered by the agreement.

Paragraph 63, entitled "Wages on Promotion and Demotion," provides: "If during the voyage, a member of the unlicensed personnel is assigned to another rating higher than his own, he shall receive the higher rate of pay during such assignment and his hours shall become the hours of the new assignment. If he is assigned to a lower rating through no fault of his own, there shall be no reduction in wages or overtime rate for the remainder of the voyage and his hours shall become the hours of the new assignment."

Some time in March 1965 the plaintiff filed grievances on behalf of three of its members who allegedly held permanent ratings as firemen, charging that they were not paid firemen's wages when they were reduced to the lower rating of wiper. Resort to the grievance procedure respecting these charges having proved ineffective, the plaintiff requested arbitration. This, however, has not yet commenced because the parties have not agreed on the statement of the question to be arbitrated.

The plaintiff proposed the following question: "Whether an agreement was arrived at, at a meeting held on October 20, 1964 between Socony Mobil Oil Company, Inc., and Socony Vacuum Tanker Men's Association, that once the Company would promulgate and furnish a list of oilers and FWTS, the men on the aforesaid list would be permanent oilers and FWTS even if assigned to a lower rating through no fault of their own and would continue to receive the higher rate of pay in accordance with the list." The defendant rejected this formulation and proposed the following which the plaintiff did not accept: "Does the term 'remainder of the voyage' contained in Section 63 of the Collective Bargaining Agreement dated June 1, 1964 between Socony Mobil Oil Company, Inc. and Socony Vacuum Tanker Men's Association mean until the vessel reaches the first northern port of call, or does it mean until the crew member is discharged from the vessel?"

The defendant's answer denies making the agreement described in the plaintiff's proposed question but it does not deny, and thereby admits, meeting with the plaintiff on October 20, 1964. There is no reason to suppose, and it is not claimed, that this was a mere social gathering. It is surely a reasonable inference that the parties met in order to consider, presumably in the cooperative spirit proclaimed in their recently concluded collective bargaining agreement, some matter arising out of their union-management relationship. That inference is strengthened by the further circumstance made clear in the pleadings and the affidavit submitted on these motions that following the meeting the defendant did in fact, as the plaintiff alleges, prepare certain lists of oilers and firemen which it submitted to the plaintiff and later modified.

The defendant seeks dismissal on the ground that the plaintiff "is no longer seeking arbitration of the alleged grievances * * *. Instead, it seeks to have an arbitrator determine whether a separate oral contract came into existence on October 20, 1964. In effect, the plaintiff

---

I. Ex. A attached to the affidavit of John T. Knepper in support of the defendant's motion.

is saying that a restrictive arbitration clause in one agreement renders arbitrable the question of the existence of a totally different agreement."[2] This contention is rejected.

The Supreme Court has admonished that arbitration of a particular grievance asserted by a party to a collective bargaining agreement "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."[3] The same opinion also states that "In the absence of an express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail * * *."[4] The parties' respective formulations of the "question to be arbitrated" serve only to obscure the issue. The real grievance which the union is trying to have resolved by arbitration is, clearly, the alleged failure of the defendant to pay the agreed wage scale to three of its employees who are members of the union. It is difficult to understand how that grievance could be thought excluded from arbitration under the instant collective bargaining agreement which states in its preamble that "it is the intention of the Company and the Association to conclude an agreement whereby the mutual interests of employees and employer will be promoted, peaceful adjustment and settlement of all grievances guaranteed, disputes and differences which may arise between employees and the Company adjusted, and wage scales and working rules and conditions of employment established to prevail between the parties for the duration of this agreement * * *."[5]

The defendant's motion is denied and it is so ordered.

■ The plaintiff's motion for summary judgment directing arbitration is granted and it is so ordered.

---

2. Knepper affidavit, p. 4.

3. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960).

4. Id. p. 584–585, 80 S.Ct. p. 1354.

5. Knepper affidavit, Ex.A. p. 1.